ELECTRONIC ORDER granting in part and denying in part plaintiff's Emergency Motion for Protective Order (Dkt. #36).  There are two issues raised in plaintiff's Emergency Motion for Protective Order (Dkt. #36), which have been fully briefed.  (Dkts. ##37-38).  The first issue concerns questions to plaintiff at her deposition regarding her medical history.  (See Dkt. #36-2, at 3, 7-10; Dkt. #37, at 2-3; Dkt. #38, at 1-2).   It has been well-established for more than thirty years that in actions brought under the Equal Pay Act ["EPA"], 29 U.S.C. § 206(d), "[t]he monetary value of plaintiff's emotional and physical harm is . . . not relevant to the amount of recovery on [a plaintiff's] EPA claim."  <u>Altman v. Stevens Fashion Fabrics</u>, 441 F. Supp. 1318, 1320 (N.D. Cal. 1977).  In light of this case, and insofar as plaintiff "does not intend on introducing evidence concerning the emotional harm suffered as a result of intentional discrimination by [d]efendant," plaintiff's Motion for Protective Order (Dkt. #36) is <u>granted on this first issue.</u>  The second issue concerns questions to plaintiff at her deposition regarding her attempts at securing new employment, her new employment, her income, and her tax returns subsequent to her separation from defendant.  (See Dkt. #36-2, at 3-5, 10-13; Dkt. #37, at 3; Dkt. #38, at 3).  This information is relevant <u>if and only if</u> any subsequent job obtained by plaintiff was virtually identical in scope and responsibility to the position she held at defendant, so that it could have a bearing on the three factors at issue in EPA cases.  <u>See, e.g., Belfi v. Prendergast</u>, 191 F.3d 129, 135 (2d Cir. 1999)(citation & internal quotations omitted).  Therefore, plaintiff's Emergency Motion for Protective Order (Dkt. #36) is <u>granted in part and denied in part</u> to the extent set forth above.